PETERSON v. APPLETON NAT. BANK.
(No. 6282.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 19, 1919. Rehearing Denied Dec. 10, 1919.)

SALES ⊂⟩418(2)—DAMAGES FOR FAILURE TO DELIVER.

The measure of damages for failure to deliver merchandise is the difference in value of the merchandise when contracted for and when it should have been delivered.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Action by the Appleton National Bank against C. T. Peterson. Judgment for plaintiff, and defendant appeals. Affirmed.

O. M. Fitzhugh and McCollum Burnett, both of San Antonio, for appellant.

Emmett B. Cocke, of San Antonio, for appellee.

---

FLY, C. J.    Appellee, as the assignee of accounts for three shipments of shoes made by Stover & Bean Company to appellant, who was conducting a retail shoe store in San Antonio, Tex., under the name of "Shoe Market," sued appellant to recover the sum of $1,108.75.    Appellee sought to offset the account with a claim for damages arising on two former orders for shoes, described as orders 97 and 98, which were not filled by Stover & Bean Company.    The court, after hearing the evidence, gave a peremptory instruction to find for appellee, which was done.

It is unnecessary to consider the different assignments, as all of them must stand or fall on whether or not there was any evidence to sustain the damages claimed by appellant.    The only evidence offered on the question of damages arising from failure to file the two orders for shoes, which were given at a time prior to the orders on which the suit is based and had no connection with them, was that of appellant.    It is as follows:

"I bought a certain lot of shoes from Mr. Eaton, who represented the Marsh & Franklin Company, known as order 98 on April 29, 1916, and another order No. 97.    These orders were both made about the same time.    When I bought the shoes I was in the store; Mr. Eaton sold them to me.    The order of goods for fall delivery, order 98, I received none of.    I received part of the goods on order 97.    Yes, sir; the amount of $1,302 shown in the pleadings as being the contract price of the shoes on order No. 98 is correct.    That is the full shipment.    The total contract price of the goods on order 97 which I did not receive was $127.    Yes, sir; $1,429 represents the contract price of the shoes which I purchased of the Marsh & Franklin people that were not delivered to me.    I never received those shoes.

' "It was, if I remember right, somewhere between the 15th of October and the 1st of November, 1916, that I was first notified by the Marsh & Franklin people that they would not comply with that sale.    I believe it was August 1st that that fall order should have been delivered to me. * * * The shoes on this order (No. 98) were to be delivered in August.    It is hard to tell when the goods would have arrived; it was anywhere between three and sometimes four months in goods coming in in those days.    Under ordinary conditions before the war two to three weeks was the ordinary time for a shipment to arrive from Lowell, before the conditions became abnormal. * * * I have been buying goods from these people quite some time, in the same kind of business. * * * I know what the reasonable market value of goods such as the goods enumerated in order 98 were in San Antonio, Tex., on or about August 20, 1916. * * * They were worth at least 75 per cent. more than at the time they were bought."    "What was the reasonable market value of the goods not shipped on order 97 in San Antonio, Tex., on or about the 15th day of August, 1916, with reference to

the contract price?    A. They were worth at least 75 per cent. more.    These goods on order No. 97 were to be shipped according to the order.    These goods in the ordinary run of freight, ordinary times, with reasonable dispatch, should have arrived in San Antonio in two to three weeks.    May 15th would be about right."

It will be noted that appellant swore that the small order, styled No. 97, should have reached San Antonio on May 15th, and yet there was no attempt to show what the shoes would have been worth on the market when they should have been received by appellant.    The only time he endeavored to fix their value was for August 15th, three months after they should have arrived.    He testified that order 98 should have been shipped on August 1st, and that it took from three to four months for them to reach their destination that is on November 1st or December 1st, and yet the value of those goods in San Antonio was fixed for August 20th.    The measure of damages would be the difference in value of the shoes when contracted for and when they should have been delivered.    That measure was not indicated by the evidence, and there was therefore no evidence upon which to base a judgment on the cross-action.    It follows that it was not error to instruct a verdict for appellee.

The judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes